FREELAND vs. HODGE.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

In an action by the holder against the maker of a promissory note, where it is shown by an authentic act, that the note sued on, was delivered to the plaintiff already endorsed in blank by the payees, as part of the price of real estate, sold by him to the defendant, he will recover without proof of any of the subsequent endorsements in blank.

Such a note not being acquired in the ordinary course of business from the endorsers, they will be considered in the light of sureties of the maker.

The original holder of a note endorsed in blank, being in possession, he may sue the maker and recover without proving the endorsements, except the payee, as the note passes by delivery.

The plaintiff may have his judgment altered, contradictorily with the defendants, from a judgment with mortgage and liberty to seize certain property, to a general judgment *without* mortgage.

This is an hypothecary action, instituted by the original holder, secured by mortgage, against the maker of the following promissory note :

"$4583 33⅓            New-Orleans, 15th April, 1836.

"One year after date, I promise to pay to the order of Hodge, Oxnard & Co., the sum of forty-five hundred and eighty-three dollars, and thirty-three and one-third cents, for value received.        (Signed)      "WM. L. HODGE."

Endorsed, "Hodge, Oxnard & Co., John M. Bach, John Freeland, Charles A. Jacobs."

On its face the note is signed, "*ne varietur*," "New-Orleans, April 27th, 1836.   F. Grima, Notary Public."

The plaintiff alleges in his petition, that the note sued on, is one of the notes given by the defendant *to him*, for the price of certain property, described in the act of sale and mortgage annexed ; and he prays, that after due proceedings had, that he have judgment, and that the property be seized and sold according to law, and his debt paid by privilege, &c.

23    VOL. XII.

EASTERN DIST.
*April,* 1838.

FREELAND
*vs.*
HODGE.

The plaintiff annexed the note and protest, with the act of sale and mortgage, to his petition.

The defendant pleaded a general denial, and on these pleadings and issue the cause was tried before the court.

The act of sale was read in evidence by the plaintiff, and recited, " that the present sale and transfer is made for and in consideration of the sum of fifteen thousand dollars, payable as follows, to wit : the sum of nine thousand one hundred and sixty-six dollars and sixty-six and two-third cents, in two several promissory notes, each for the sum of four thousand five hundred and eighty three dollars and thirty-three and one-third cents, *subscribed* by the said Wm. L. Hodge, to the order of and *endorsed* by Hodge, Oxnard & Co., and payable respectively in one and two years from the 15th day of April, instant, which said notes, after having been countersigned and paraphed *ne varietur,* by me, notary, undersigned, in order to identify them with the present act, were handed over and delivered to the said John Freeland, &c." (present plaintiff.)

The note and protest being also in evidence, upon this testimony alone the plaintiff had judgment for the amount of the note, interest, and costs of protest and suit, with special mortgage, and liberty to seize and sell the mortgaged premises, upon the production of the mortgaged notes.

This judgment was rendered 5th of June, 1837, and on the 8th, the defendant moved for a new trial, which motion was overruled on the 17th of the same month.

On the 9th June, pending the motion for a new trial, the plaintiff's counsel took a rule on the defendant, to show cause why the judgment should not " be so amended and remodelled as to operate only as a general judgment against the defendant, without any special mortgage or privilege on the property, alleged in the petition to have been sold by the plaintiff to the defendant." On hearing the rule the judgment was so amended. The defendant appealed.

*Jones,* for the plaintiff, insisted that the judgment should be affirmed, even with damages as for a frivolous appeal,

because there was no evidence to support the pretensions of the appellant. Nothing can be assigned as error, which might have been cured by legal evidence, if the appeal comes up without evidence. 2 *Martin, N. S.*, 265. 2 *Louisiana Reports*, 225.

2. Where the appellant relies solely on errors apparent in the record, he must file an assignment of them within *ten* days. In this case the appeal was filed in June, 1837, and the assignment of errors not made until the 4th day of April, 1838.

*L. Peirce, contra,* urged, that by the inspection of the record, the note seems to have been successively owned by John M. Bach and by Charles A. Jacobs. The plaintiff's name is endorsed between, and after his then comes the proof that the note was endorsed and owned by Jacobs. Two things were necessary to be done, which were omitted : *first,* proof of the handwriting of Bach ; and *second,* proof of the re-transfer from Jacobs to the plaintiff.

2. The endorsement of a note is presumptive evidence that the endorser has once been owner; and in this case that it had been parted with by Freeland, whose name is endorsed after Bach and before that of Jacobs. To show how he again came into possession, he was bound to prove Bach's signature, or strike it out at the trial. *Chitty on Bills, &c.,* 632. 5 *Martin,* 361.

3. It is true a note or bill endorsed in blank passes by delivery ; but it is also true, that when an endorsement is made it must be stricken out, or proved to be the signature of the person purporting to have endorsed it, &c. 1 *Lord Raymond,* 742.

4. The original judgment was according to the prayer of the petition, and the court had no power to alter or modify it, as was done in this case.

*Bullard, J.,* delivered the opinion of the court.

The defendant is appellant from a judgment rendered against him as the maker of a promissory note. His counsel

EASTERN DIST.
April, 1838.

FREELAND
vs.
HODGE.

In an action by the holder against the maker of a promissory note, where it is shown by an authentic act, that the note sued on was delivered by the plaintiff, already endorsed in blank by the payees, as part of the price of real estate sold by him to the defendant, he will recover without proof of any of the subsequent endorsements in blank.

Such a note not being acquired in the ordinary course of business from the endorsers, they will be considered in the light of sureties of the maker.

The original holder of a note endorsed in blank, being in possession, he may sue the maker, and recover without proving the endorsements, except the payee, as the note passes by delivery.

The plaintiff may have his judgment altered, contradictorily with the defendant, from a judgment with mortgage and liberty to seize

insists, that it should be reversed, because the plaintiff failed to prove the endorsement of Bach and of Jacobs, and because the court improperly changed and modified the judgment, after it had been rendered.

It appears by the copy of an authentic act, that the note was delivered to the plaintiff, already endorsed by Hodge, Oxnard & Co., as part of the price of real estate sold by him to the defendant, and was not acquired by the plaintiff in the ordinary course of business, from the endorsers. Hodge, Oxnard & Co. were in truth sureties of the purchasers; and such is in substance the allegation in the petition. Nor is it alleged that the plaintiff acquired the note by the subsequent endorsement of Bach, although it is alleged that the note was also endorsed by him. It was, therefore, not necessary to prove his endorsement, which we may fairly presume was added as further security. Nothing shows that the note was ever out of the possession of the plaintiff, except for the purpose of collection. We are not authorized to notice the pretended endorsement of Jacobs, which is neither proved nor alleged by either of the parties. The original holder, therefore, appears still in possession of the note, and the real or pretended endorsement being in blank, it might pass by delivery. *Mourain* vs. *Devall*, recently decided, *ante* 93.

The appellant further urges, that the original judgment was according to the prayer of the petition, and that the plaintiff had no right to have it modified, as was done on motion of his counsel.

The petition contains both a prayer for the seizure and sale of the mortgaged property, and for general relief. The judgment first rendered, was against the defendant, for the amount of the promissory note, with liberty to seize and sell the property mortgaged, upon the production of the notes, or upon making the holders thereof parties to the execution. It was afterwards, contradictorily with the defendant, modified, so as to operate as a general judgment, without regard to the mortgage. Of this we think the defendant has no right to complain. He owed the money, and the plaintiff was entitled to a judgment generally, leaving the execution

to be regulated according to law, and reserving the defend-ant's right, if any he had, to insist upon the mortgaged property being first seized, but permitting him to show other property, if he thinks proper.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.